**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

Civil Case No.: 0:16-cv-62463-WJZ

CHERIE SEROTA and MURRAY SEROTA, :
                                  :
     *Plaintiffs,*                 :
                                  :
*vs.*                             :
                                  :
CARRIAGE HILLS CONDOMINIUM, INC., :
and HUGO HERMAN, an individual,   :
                                  :
     *Defendants.*                 :
_____ :

## DEFENDANT HUGO HERMAN'S AMENDED[1] MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6) AND INCORPORATED MEMORANDUM OF LAW

Defendant, HUGO HERMAN ("Hugo Herman" or "Herman"), hereby moves to dismiss, with prejudice, the Complaint of Plaintiffs' CHERIE SEROTA and MURRAY SEROTA ("Plaintiffs").

## I.    INTRODUCTION

Carriage Hills is a condominium association which operates and maintains the property subject to its recorded declaration of condominium. Plaintiff has previously sued Carriage Hills[2] relative to Plaintiffs service animals' presence in Carriage Hills' common elements, and the instant suit ostensibly arises from an alleged breach of a settlement agreement executed by the parties to

---

[1] The Amended Motion to Dismiss does not incorporate new arguments but rather applies arguments raised in the initial Motion to Dismiss specifically at Counts V and VI that are applicable to Hugo Herman.

[2] Serota v. Carriage Hills Condo., Inc., No. 13-cv-62166-WPD (S.D. Fla. 2013).

resolve the prior lawsuit. Plaintiffs allege that Carriage Hills circulated a newsletter which stated "New county rules do not allow animals within the fenced-in areas of our pools." Complaint, ¶19. Plaintiffs next allege that after seeing Plaintiffs with their service animals near a pool on July 4, 2016, Hugo Herman[3] "demanded that Plaintiffs remove their service animals from the swimming pool area immediately, notwithstanding Plaintiffs' contractual and legal right to enjoy use of all common elements…" *Id.* at ¶22. Hugo Herman is a board member and serves as President of Carriage Hills.  Lastly, Plaintiffs allege that they received a letter from Carriage Hills' property management dated July 12, 2016, in response to their notification that Plaintiff replaced his service animal. Those are the total actions which Plaintiff alleges Carriage Hills took subsequent to the parties' execution of the settlement agreement attached to the Complaint as Exhibit "A." In reviewing the allegations of the complaint, this case appears to be little more than a thinly veiled attempt to generate attorney's fees[4], as there are no allegations that form the basis of a breach of contract, a violation of either the Federal or Florida Fair Housing Act ("FHA"), or would support the imposition of an injunction. The complaint is rife with unsupported conclusions devoid of the requisite factual support. Further, the facts alleged in the Complaint could not plausibly result in a valid claim.

## II. BACKGROUND FACTS

### A.    The Parties' prior history

As stated in Plaintiffs' Complaint, Plaintiffs have previously sued Carriage Hills regarding their service animals. The lawsuit was settled when the Parties executed a settlement agreement dated November 17, 2014, which is Exhibit "A" to Plaintiffs Complaint. The relevant provisions

---

[3] Carriage Hills board president.

[4] As stated by Plaintiff's counsel on his website, in the context of ADA litigation, "These cases can be a nuisance, and often cause unnecessary aggravation and expense." http://www.ada-defense.com/ (last visited December 5, 2016).

of the settlement agreement are Sections 4, 7 and 8. Section 4(B) identifies each Plaintiff's service animal and states that each Plaintiff may be accompanied by one canine service animal while on the common elements, excluding bringing the animal into a pool. Section 4(C) provides that the service animals can be replaced as needed, and Carriage Hills would receive prompt notification of the replacement animal. Section 4(D) details the letter provided to each Plaintiff for them to carry on them, which is meant to function as an "all-access pass" in the event they are questioned about the service animals. Sections 7 and 8 detail that the proper court for enforcement of the settlement agreement is the trial court where the suit was filed.  Herman was Carriage Hills President during the period of time that gave rise to Plaintiff's Complaint filed against Carriage Hills in 2013.

**B.      The activity alleged in the Complaint**

Since the execution of the settlement agreement, there has been almost no interaction between Carriage Hills, Plaintiffs and Hugo Herman. This is supported by Plaintiffs' own Complaint, which only alleges three instances of contact between the parties, to wit: (1) a Carriage Hills' newsletter sent to all association members which contained a single sentence advising that new county rules prohibited animals within the fence enclosure surrounding a pool, Complaint, ¶19; (2) a meeting between Plaintiffs and Hugo Herman on July 4, 2016, where he allegedly requested that Plaintiffs remove their service animals from the pool area, *Id.* at ¶22; and (3) a letter dated July 12, 2016, from the property manager sent in response to correspondence sent by Plaintiffs to Carriage Hills, *Id.* at ¶¶30-31. Plaintiffs conspicuously make no allegations that the July 4, 2016, interaction in any way prevented them from using the common elements or that they or their service animals actually left the pool area because of the alleged comment by Hugo Herman.

Notwithstanding the almost complete lack of interaction, Plaintiff contends that Hugo Herman violated the Federal FHA and Florida FHA.

### III. <u>APPLICABLE LEGAL STANDARD</u>

When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id*. Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). "If the plaintiff lacks standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction, and the case must be dismissed." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-102 (1998). The "irreducible constitutional minimum of standing contains three elements": (1) an injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id*. at 561. To meet this burden, a plaintiff must "clearly and specifically set forth facts sufficient to satisfy … Art. III standing requirements." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 976

(11th Cir. 2005).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), on the other hand, tests the legal sufficiency of the claims asserted. A complaint "must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint's factual allegations must be enough to raise a right to relief above speculative level." *Dapeer*, 95 F. Supp. 3d 1372. Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## IV. <u>ARGUMENT</u>

### A.   Plaintiffs' Complaint fails to allege discrimination in violation of the Federal FHA And Florida Fair Housing Act

Plaintiffs erroneously claim that Herman purposefully misinformed Plaintiffs that the City of Hollywood and/or Broward County had imposed a new ordinance requiring service animals to not be in the immediate proximity of any swimming pools and demanded that Plaintiffs leave the swimming pool area with their service animals, notwithstanding Herman's specific knowledge that Plaintiffs suffer disabilities and require the use of service animals. Plaintiffs claim that such conduct is a violation of 42 U.S.C. § 3617 which states "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605 or 3606 of this title."  It is important to note that Count

VI alleging a violation of Florida Statute § 760.37 (Florida Fair Housing Act) has mirroring language to 42 U.S.C. § 3617.  As such, the argument to dismiss as Counts V and VI are the same.

With respect to Carriage Hills, Plaintiffs allege in Counts II and IV violations of different sections of 42 U.S.C. § 3604.  Given the fact that Herman is President of Carriage Hills, when reviewing the Complaint as a whole Plaintiffs are attempting to paint a picture of acts being taken in furtherance of a discriminatory goal.  Plaintiffs are woefully mistaken.  The allegations of the Complaint, however, make clear that there was never any discrimination "because of a disability." Even accepting as true the alleged statement by Hugo Herman on July 4, 2016, there is no allegation that Plaintiffs or their service animals ceased use of the common elements, which is fatal to their claim.  However, assuming that mere words without Plaintiffs abandoning the common elements were sufficient, §3604(f)(2) still is not satisfied because the conduct did not occur "because of a disability." Plaintiffs own allegations are that Herman demanded the animals leave the pool area because of the city's "new ordinance prohibiting all service dogs from being within the vicinity of any swimming pool." *Id.* at ¶¶21-22. Thus Plaintiffs own allegations evidence that Hugo Herman was at most seeking compliance with a local ordinance, not discrimination because of a handicap. This is further supported by the Complaint, which makes no allegations of any efforts to prevent the Plaintiffs service animals from being on the common elements between the execution of the settlement agreement on November 17, 2014, signed by Hugo Herman on behalf of Carriage Hills, and the filing of the instant suit.

**B.**      **Plaintiffs claim for emotional distress damages is barred by Florida's impact rule**

Plaintiff additionally claims damages from severe emotional and psychological stress due to Hugo Herman's alleged malicious and reckless actions, and wanton disregard for Plaintiffs'

health. Compl., ¶¶ 68 and 74. However, Plaintiffs' claims are unambiguously barred by Florida's impact rule, which holds a plaintiff cannot recover damages for mental pain and suffering absent physical injury or impact. *Forde v. Royal's Inc.,* 573 F.Supp. 1173 (S.D. Fla. 1982). "In essence, the rule requires that a plaintiff either prove a physical impact upon his or her person causing the emotional distress or mental anguish or that the defendant's tortious conduct was so egregious as to be deemed malicious so as to warrant punitive damages." *Swerhun v. General Motors Corp..,* 812 F. Supp. 1218, 1221 (M.D. Fla. 1993).

There is no doubt that Plaintiffs' Complaint fails to plead any allegations of physical impact or injury, in any fashion, thus Florida's impact rule makes dismissal appropriate. *Morrison v. Morgan Stanley Props.*, No. 06-80751-Civ-LENARD/TORRES, 2007 U.S. Dist. LEXIS 58038, at *18 (S.D. Fla. Aug. 9, 2007) (Court applied impact rule and dismissed negligence count for failing to plead physical injury).

Absent claims of physical injury, Plaintiffs must allege conduct so egregious that it is deemed malicious to warrant the imposition of punitive damages. Plaintiffs have failed to make such necessary allegations. "Federal courts apply the same standard for punitive damages in FHA cases as they do in employment discrimination and civil rights cases." *Whyte v. Alston Mgmt.*, No. 10-81041-CIV-DIMITROULEAS/SNOW, 2012 U.S. Dist. LEXIS 190421, at *11 (S.D. Fla. Apr. 10, 2012). The key consideration in this context is the actors' state of mind, specifically, whether they knew their actions would violate the law. As clearly set forth in the Complaint, Hugo Herman published the newsletter and made his alleged demand of July 4, 2016, based on the belief that there was a governing local law. There are no allegations in the Complaint that these acts were taken with discriminatory intent or in knowing violation of federal law, thus punitive damages are not appropriate.

The allegations concerning the newsletter and July 4th conversation are levied against Hugo Herman, an officer of Carriage Hills. Compl., ¶7. It is further fatal to Plaintiffs' punitive damage claim that it is well settled that agency principles limit punitive damages to the actions of the employer. *United States v. Habersham Props., Inc.*, 319 F. Supp. 2d 1366, 1376 (N.D. Ga. 2003). The allegations against Hugo Herman fall short of the pleading required for punitive damages. There is no avenue to impute punitive damages onto Hugo Herman. Additionally, absent punitive damages, the impact rule requires dismissal of Plaintiffs' emotional distress damages.

## VI. CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiffs' claims in their entirety. Because the defects in the Complaint are irremediable, the dismissal should be with prejudice.

**Respectfully Submitted By,**

Dated: April 18, 2017

*/s/ Alejandro I. Alonso*
Alejandro I. Alonso, Esq.
Fla. Bar No.:  89625
**STEVENS & GOLDWYN, P.A.**
2 S. University Dr., Ste. 329
Plantation, FL 33324
(954) 458-9393
Email: *aalonso@stevensandgoldwyn.com*

Attorneys for Defendant Hugo Herman

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 18, 2017, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court and served electronically using CM/ECF, on all counsel of record identified on the Service List below in the manner specified, either via transmission generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/ Alejandro I. Alonso*
Alejandro I. Alonso

## SERVICE LIST

Nolan Klein, Esq.
(Fla. Bar No. 647977)
klein@nklegal.com
Jordan Richards, Esq.
(Fla. Bar No. 108372)
richards@nklegal.com
Hector Virgilio Ramirez, Esq.
(Fla. Bar No. 484857)
ramirez@nklegal.com
Jonathan Ross Zim, Esq.
(Fla. Bar No. 123724)
zim@nklegal.com
LAW OFFICES OF NOLAN KLEIN, P.A.
Wells Fargo Tower, Ste. 1500
1 E. Broward Blvd.
Ft. Lauderdale, FL 33301
Tel.: (954) 745-0588
Fax: (877) 253-1691

Attorneys for Plaintiffs